UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL DAVID JOHNSON,
    Plaintiff,

v.

J. ESPINOZA, et al.,
    Defendants.

Case No. 15-cv-06050-JST

**ORDER OF SERVICE**

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed this pro se civil rights complaint under 42 U.S.C. § 1983 claiming that SQSP doctors J. Espinoza and E. Tootell violated his constitutional rights. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. Plaintiff's complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although a complaint "does not need detailed factual allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

According to the complaint, from May 14, 2014 to February 2015, Plaintiff's left toenail caused him extreme pain. Docket No. 1-1 at 2–3. During this time, Dr. Espinoza dismissed Plaintiff's complaints of pain and refused to refer Plaintiff to a podiatrist. Id. at 3–4. Plaintiff does not make specific allegations regarding Dr. Tootell, but the attachments to the complaint indicate that by October 9, 2014, Dr. Tootell was aware of Plaintiff's alleged serious medical need but failed to provide him with medical care. Docket No. 1-1 at 12–13.[1]

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant

---

[1] In screening Plaintiff's complaint and construing it liberally, the Court looks in part to the attachments provided. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint).

2

injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059–60 (citing Wood v. Housewright, 900 F.2d 1332, 1337–41 (9th Cir. 1990)). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A plaintiff may establish liability on the part of defendants involved in the administrative grievance process by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need. See Wood, 900 F.2d at 1334 (holding that prison officials manifest a deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or interfere with medical treatment).

Liberally construed, Plaintiff states a claim that Drs. Espinoza and Tootell were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle, 429 U.S. at 104; Wood, 900 F.2d at 1334.

The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name. Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the Doe defendants are DISMISSED from this action without prejudice. Should Plaintiff learn the identities of the Doe parties he wishes to serve, he must promptly move to file an amended complaint to add them as defendants pursuant to Rule 15 of the Federal Rules

of Civil Procedure. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197–98 (9th Cir. 2003). The burden to determine the identity of the Doe defendants is on Plaintiff; the Court will not undertake to investigate the names and identities of unnamed defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   The Doe defendants are DISMISSED from this action without prejudice.

2.   The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto (Docket No. 1), and a copy of this order upon **Dr. J. Espinoza and Dr. Elena Tootell, at San Quentin State Prison, San Quentin, CA 94964**.

3.   In order to expedite the resolution of this case, the Court orders as follows:

   a.   No later than **91 days** from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment must be accompanied by a Rand notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with summary judgment motion). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b.   Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c.   Defendants **shall** file a reply brief no later than **14 days** after the date the

4

opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

       4.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

       Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       (The Rand and Wyatt notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

       7.       All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the

1 defendant, but once a defendant is represented by counsel, all documents must be mailed to
2 counsel rather than directly to that defendant.

3     5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
4 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
5 before the parties may conduct discovery.

6     6.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
7 Court informed of any change of address and must comply with the Court's orders in a timely
8 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
9 to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
10 pending case every time he is moved to a new facility.

11     7.    Any motion for an extension of time must be filed no later than the deadline sought
12 to be extended and must be accompanied by a showing of good cause.

13     8.    Plaintiff is cautioned that he must include the case name and case number for this
14 case on any document he submits to the Court for consideration in this case.

15 IT IS SO ORDERED.

16 Dated: April 21, 2016

_____
JON S. TIGAR
United States District Judge